UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KERRY LYNN WISDOM,

       Plaintiff,

v.

JONES INSURANCE GROUP, INC.,
JEFFREY C. JONES,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, KERRY LYNN WISDOM, brings this action against Defendants, JONES INSURANCE GROUP, INC. and JEFFREY C. JONES, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff KERRY LYNN WISDOM was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. Pursuant to Plaintiff's employment, Plaintiff and other employees of JONES INSURANCE GROUP, INC. engaged in interstate commerce on a regular and recurring basis through interstate communication.

4. At all times material hereto, Defendant, JONES INSURANCE GROUP, INC., was a Florida corporation with its principal place of business, and where Plaintiff worked, located at 1908 S University Dr, Davie, Florida 33324.

5. Defendant JONES INSURANCE GROUP, INC. is engaged in commerce in the field of insurance sales, at all times material hereto was the "employer" of Plaintiff as that term is defined

under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, JEFFREY C. JONES, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, JONES INSURANCE GROUP, INC.; said Defendant acted and acts directly in the interests of Defendant, JONES INSURANCE GROUP, INC., in relation to said co-Defendant's employees. Defendant effectively dominates JONES INSURANCE GROUP, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JEFFREY C. JONES was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. Plaintiff KERRY LYNN WISDOM worked for Defendants as a personal lines manager.

8. Defendants did not pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

9. Defendants failed to pay Plaintiff any compensation for some of the overtime hours that Plaintiff worked.

10. Defendants paid Plaintiff only her regular hourly rate and not the full and proper overtime rate of 1.5 times Plaintiff's regular hourly rate for some of the overtime hours that Plaintiff worked.

11. Defendants did not factor Plaintiff's commissions and bonuses into Plaintiff's regular hourly rate for purposes of calculating and compensating Plaintiff for overtime hours at her proper overtime hourly rate.

12. Plaintiff has attached a Statement of Claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

13. Defendants have knowingly and willfully refused to pay Plaintiff her legally-entitled wages.

14. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

15. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791