## SETTLEMENT AGREEMENT

Kerry Lynn Wisdom ("Ms. Wisdom"), Jones Insurance Group, Inc. ("the Company") and Jeffrey C. Jones ("Mr. Jones") (collectively, the "Parties") enter into this Settlement Agreement ("Agreement") to resolve all of their disputes, including those that have been or could have been asserted in that certain litigation styled *Kerry Lynn Wisdom v. Jones Insurance Group, Inc., and Jeffrey C. Jones*, Case No. 0:16-62325-CIV-MORENO, now pending in the United States District Court for the Southern District of Florida ("the Litigation"). Accordingly, the Parties agree to the following terms:

1. **Approval by the Court.** Upon execution of this Agreement, the parties agree to jointly file a motion (in the form attached hereto) requesting that the Court approve this Agreement and enter an order dismissing with prejudice the pending Litigation, submitting this Agreement to the Court for review and approval.

2. **Payment by the Company and Mr. Jones.** In consideration for the promises Ms. Wisdom has made in this Agreement, the Company and Mr. Jones agree to pay Ms. Wisdom the total gross sum of Thirty-Two Thousand Dollars ($32,000.00) (the "Settlement Payment"), within seven (7) business days from the date the Court approves this Agreement and dismisses the Litigation with prejudice, as follows:

    a. Pay Ms. Wisdom the amount of seven thousand five hundred dollars ($7,500.00), less applicable federal income tax withholding and other deductions required by law, to resolve any and all claims Ms. Wisdom may have made against the Company or Mr. Jones for alleged unpaid wages. The Company agrees to pay or withhold, as appropriate, the wage-related taxes due on this amount. This amount will be reported on a Form W-2 issued to Ms. Wisdom for the 2017 tax year after the conclusion of 2017;

    b. Pay Ms. Wisdom an additional gross amount equivalent to the amount set forth in paragraph 2a (not including the applicable wage-related deductions being made from the amount in paragraph 2a, to resolve any and all claims Ms. Wisdom may have against the Company or Mr. Jones for liquidated damages. This amount will be reported on a Form 1099 issued to Ms. Wisdom for the 2017 tax year after the conclusion of 2017;

    c. Pay Ms. Wisdom's attorney, Koz Law, P.A., the amount of seventeen thousand ($17,000.00) in attorneys' fees and costs, provided that Koz Law, P.A. has first provided to the Company an executed IRS Form W-9. This amount will be reported on a Form 1099 issued to Koz Law, P.A. for the 2017 tax year after the conclusion of 2017.

Ms. Wisdom is responsible for her tax liability resulting from her receipt of taxable income pursuant to this Agreement. Ms. Wisdom acknowledges that she has had the opportunity to receive independent legal advice concerning the taxability of the Settlement Payment, and that she has not relied upon any advice from the Company and/or its attorneys as to the allocation of the Settlement Payment for tax or any other purposes, or regarding tax withholding or the ultimate taxability of the Settlement Payment, whether pursuant to federal, state or local income tax

statutes or otherwise. Ms. Wisdom further acknowledges and agrees that she would not be entitled to receive the Settlement Payment if she did not make the promises that she is making in this Agreement.

3. **Mutual General Release.** Ms. Wisdom, on behalf of herself, her heirs, executors, administrators, and assigns, knowingly and voluntarily waives, releases and discharges the Company and its parent, affiliates, subsidiaries, divisions, franchisees, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents (collectively, the "Released Parties"). from any and all claims, known and unknown, that Ms. Wisdom has or may have against the Released Parties as of the date of execution of the Agreement, for any wages, commissions, or other monetary compensation connected in any way to the performance of work during her former employment with the Company, whether asserted under the Fair Labor Standards Act, the Florida Minimum Wage Act, or otherwise. This release includes but is not limited to claims raised or that could have been raised in the Litigation or any other claims of any kind or nature under the Fair Labor Standards Act and/or the Florida Minimum Wage Act.

This release is comprehensive and includes any claim that Ms. Wisdom could assert against the Released Parties based upon acts or omissions that occurred, or that could be alleged to have occurred, before Ms. Wisdom executes this Agreement. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised by Ms. Wisdom at any time and claims based on, among other things: negligent or intentional tortious conduct; express or implied contract; covenants of fair dealing and good faith; wrongful discharge; unpaid wages; Florida Statutes § 448.110; the Family and Medical Leave Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Equal Pay Act; the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act of 1990; the Worker Adjustment Retraining and Notification Act; the Florida Civil Rights Act; Florida's Whistleblower Act; any other federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised by Ms. Wisdom at any time. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date Ms. Wisdom executes this Agreement or claims for ERISA plan benefits or administrative charges of discrimination (although Ms. Wisdom releases any right to monetary recovery in connection with any such charge(s) or claim(s)). If any claim is not subject to release, to the extent permitted by law, Ms. Wisdom waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which the Company or any other of the Released Parties is a party.

The Company and Mr. Jones, on behalf of the Company's its parent, affiliates, subsidiaries, divisions, franchisees, insurers, successors, assigns, and current and former employees, attorneys, officers, directors and agents, and on behalf of Mr. Jones, his heirs, executors, administrators, and assigns, knowingly and voluntarily waive, release and discharges Ms. Wisdom from any and all claims, known and unknown, that the Company and/or Mr. Jones have or may have against the Ms. Wisdom as of the date of execution of the Agreement. This release is comprehensive and includes any claim that the Company and/or Mr. Jones could assert against the Ms. Wisdom based upon acts

or omissions that occurred, or that could be alleged to have occurred, before the Company and/or Mr. Jones executes this Agreement. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised by the Company and/or Mr. Jones at any time and claims based on, among other things any federal or state common law or federal, state or local laws, ordinances, or regulations; any other public policy, contract, tort or common law theory; or any statutory or common law principle allowing for the recovery of fees or other expenses, including claims to attorneys' fees. This release is intended to be as comprehensive as can be conceived and as the law will allow, and includes but is not limited to claims raised or that could have been raised by the Company and/or Mr. Jones at any time. This release does not apply to any claims that cannot be released as a matter of law, such as those that arise after the date the Company and/or Mr. Jones executes this Agreement. If any claim is not subject to release, to the extent permitted by law, the Company and/or Mr. Jones waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Ms. Wisdom is a party.

4. **No Other Outstanding Claims or Causes of Action**. Ms. Wisdom affirms that, except for the Litigation, she has not filed with any governmental agency or court, any type of action against the Released Parties. Ms. Wisdom understands and agrees that if any action is brought by a third party with regard to the claims and causes of action released in this Agreement, she is not entitled to and will not accept any payments or monetary relief relating to any such claims or causes of action.

5. **Court Retains Jurisdiction**. The parties agree to request that the Court retain jurisdiction to enforce this Agreement. In any action brought to enforce paragraph 2 of this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs incurred to collect and enforce the Settlement Payment including post-judgment attorneys' fees and costs incurred during post-judgement collections.

6. **Interpretation**. Should any court of competent jurisdiction declare any provision of this Agreement unenforceable, the remaining provisions of this Agreement shall not be affected and will remain enforceable. The Parties agree that they have fully negotiated the terms of this Agreement and that its terms, provisions, and conditions shall not be interpreted or construed against either party.

7. **No Admission of Wrongdoing**. The Parties have entered into this Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, or that any fact or allegation asserted by either Party was true.

8. **Amendment**. This Agreement may not be modified except through a written document, signed by an authorized representative of each of the Parties, in which the Parties expressly agree to modify it.

9. **Entire Agreement**. Other than as set forth in any separate Settlement Agreement executed in conjunction with the resolution of the Litigation, this Agreement sets forth the entire agreement and understanding between the Parties and supersedes any prior oral or written agreements or understandings between them regarding its subject matter. Ms. Wisdom

acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to make this Agreement. This Agreement may be executed in one or more counterparts, all of which together shall constitute one Agreement, and each of which separately shall constitute an original document.

10. **Consultation with Attorney.** In addition to having the opportunity to negotiate this Agreement before signing it, Ms. Wisdom has been advised to consult with, and has in fact consulted with, her attorney to obtain advice about her rights and obligations under this Agreement. Ms. Wisdom represents that she has carefully read this Agreement and finds that it has been written in language that she understands. Ms. Wisdom has been given a reasonable period of time to consider whether to accept this Agreement, and has signed it only after reading, considering and understanding it.

MS. WISDOM STATES AND AGREES THAT SHE HAS CAREFULLY READ THIS AGREEMENT; THAT SHE HAS HAD IT REVIEWED BY HER ATTORNEY; THAT IT HAS BEEN FULLY EXPLAINED TO HER BY HER ATTORNEY; THAT SHE FULLY UNDERSTANDS ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO HER TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; THAT SHE HAS HAD A REASONABLE PERIOD OF TIME WITHIN WHICH TO CONSIDER THE AGREEMENT; AND THAT SHE IS SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE COMPANY AND MR. JONES AS PROVIDED ABOVE.

KERRY LYNN WISDOM

Dated: 2-16-17

JONES INSURANCE GROUP, INC.

By: _____

Printed Name: Jeffrey C. Jones

As: President

Dated: 2/22/2017

JEFFREY C. JONES

Dated: 2/22/2017